# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID CARROLL STEPHENSON,

    *Petitioner*,

  v.

JEFFERSON B. SESSIONS, III, *Attorney General*,

    *Respondent*.

No. 18-cv-00629 (DLF)

## MEMORANDUM OPINION

    Before the Court is pro se petitioner David Carroll Stephenson's "1st Amended Petition for Writ of Habeas Corpus by a Person Detained in Federal Custody Pursuant to 28 U.S.C. § 2241 and Petition for Declaratory Judgment Pursuant to 28 U.S.C. § 2201 (28 U.S.C. § 2242 and F.R. Cv. P. Rule 15(a))," Dkt. 2. Stephenson's 118-page petition offers a wide-range of queries presented in the form of twelve "questions" and appears to seek relief under both 28 U.S.C. § 2255 and 28 U.S.C. § 2441. *See* 1st Am. Pet. at 15 (asserting that he is "exclusively challeng[ing] the legality of detention"), 17 (asserting that he "suffer[s] daily injury and damage as a direct and proximate result of being subjected to detention"). For the reasons that follow, the Court will deny the petition without prejudice for lack of jurisdiction.

    Because federal district courts have limited jurisdiction, they must "examine, *sua sponte*, [their] jurisdiction to entertain a case." *Maldonado-Torres v. Mukasey*, 576 F. Supp. 2d 57, 58 (D.D.C. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Hurt v. U.S. Ct. of Appeals for D.C. Cir. Banc*, No. 07-5019, 2008 WL 441786, at **1 (D.C. Cir. 2008) (unpublished) ("It was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction." (citing Fed. R. Civ. P. 12(h)(3))); Rules Governing § 2255 Proceedings for the U.S. Dist. Cts. 4(b), http://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings_0.pdf ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

If Stephenson is challenging the constitutionality of his conviction under § 2255, this Court lacks jurisdiction because it did not sentence him. Under § 2255, only "the court which imposed the sentence" may "set aside or correct the sentence." 28 U.S.C. § 2255(a). As a result, "actions governed by § 2255 are to be brought in the sentencing court." *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). Stephenson does not assert, and the record does not reflect, that he was sentenced in this district. To the contrary, Stephenson appears to have been sentenced in the Western District of Washington. *See United States v. Stephenson*, No. 06-30299, 2007 WL 2298030, at **1 (9th Cir. 2007) (unpublished), *as amended on denial of reh'g and reh'g en banc* (Nov. 27, 2007).

To the extent Stephenson is challenging the execution or manner of his sentence under 28 U.S.C. § 2241, he failed to identify the proper respondent and filed in the wrong district. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Neither "the Attorney General

[n]or [any] other remote supervisory official" is the proper respondent. *Id.* at 435. Stephenson is confined at the Federal Correctional Institution at Terminal Island, which is located in San Pedro, California. Petition, 1, Dkt. 1. Accordingly, the proper respondent to Stephenson's § 2241 claim is the warden at Terminal Island. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). And his petition should be filed in the United States District Court for the Central District of California, which has jurisdiction over his district of confinement—Terminal Island in San Pedro, California.

If Stephenson is invoking 28 U.S.C. § 2255(e), which provides a so-called "savings clause" that permits a federal prisoner to file a § 2241 habeas petition when a § 2255 motion "is inadequate or ineffective to test the legality of his detention," *Stokes*, 374 F.3d at 1239, only the district court where he is confined has jurisdiction over such a claim, *id*. Stephenson therefore must pursue such relief in the district court that has jurisdiction over Terminal Island, which, again, appears to be the United States District Court for the Western District of California.

Finally, Stephenson invokes 28 U.S.C. § 2201 for the purpose of seeking a declaratory judgment that "Rulings, Holdings, and Decrees of Federal and state judges are not included as Supreme Law." 1st Am. Pet. at 34. But § 2201 does not provide a cause of action and is not an independent source of jurisdiction. "Rather, the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (quoting *C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C.Cir.2002)). Stephenson has not identified a judicially remediable right over which this Court has jurisdiction, so he cannot pursue a declaratory judgment here.

For all these reasons, the Court will dismiss Stephenson's petition without prejudice and deny as moot his Motion/Demand for Expedited Consideration of Petition for Writ of Habeas

Corpus, Dkt. 3, and Motion and Demand for Issurance [sic] of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243, Dkt. 6. A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

November 1, 2018